IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER CHAVEZ,

    Plaintiff,

v.                                               Civ. No. 1:20-cv-00812 MIS/LF

ABEL RENTERIA; JOHN DOE 1;
CHRISTOPHER TURNBOW;[1] CARLOS SAENZ;
DANIEL BLANCO, in his individual capacity;
ESTEVAN FLORES, in his official capacity; and
NEW MEXICO CORRECTIONS DEPARTMENT,

    Defendants.

**MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 85)**

THIS MATTER is before the Court on Plaintiff's Motion for Partial Summary Judgment Against Defendants New Mexico Corrections Department and Christopher Turnbow as to Plaintiff's 42 U.S.C. § 1983 claims. ECF No. 85. Defendants NMCD and Turnbow filed their Response, and Plaintiff filed his Reply. ECF Nos. 94, 128. Having considered the parties' submissions, the record, and the relevant law, the Court will find the Motion moot as to Defendant NMCD and deny the remainder of the Motion.

**BACKGROUND**

This is a case brought by Christopher Chavez ("Plaintiff"), a former inmate housed at the Southern New Mexico Correctional Facility ("Southern"), against Defendant

---

[1] Defendant is listed as "Christopher Turbow" in the First Amended Complaint. ECF No. 30. The person that filed a waiver of the service of summons is "Christopher Turnbow," however. ECF No. 40. The Court will refer to this Defendant as "Christopher Turnbow." The parties are advised to file the appropriate documents to address this discrepancy, if necessary.

Christopher Turnbow ("Defendant Turnbow") and other employees of the New Mexico Corrections Department ("Defendant NMCD"). Plaintiff has also sued NMCD itself.

Pertinent to the present Motion, Plaintiff alleges that Defendants Turnbow and NMCD committed violations of the Eighth and Fourteenth Amendments to the United States Constitution compensable under 42 U.S.C. § 1983 (Counts I and II).[2] *See* ECF No. 30, ¶¶ 78–100. Specifically, Plaintiff alleges that Defendants Turnbow and NMCD were deliberately indifferent to a substantial risk of Plaintiff being harmed by being housed with members of a dangerous prison gang known as the "Burqueños," and that, due to these Defendants' indifference, a member of the Burqueños gang, Joshua Garcia, threw a cup of boiling water in Plaintiff's face, resulting in severe injury to Plaintiff.

Plaintiff has filed the present Motion, ECF No. 85, seeking partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on his § 1983 claims against Defendants Turnbow and NMCD. Because the Court will find the Motion moot as to Defendant NMCD, the Court will focus solely on the § 1983 claim against Defendant Turnbow. Plaintiff argues that no genuine issue exists as to any material fact supporting his §1983 claim and that, therefore, he is entitled to judgment as a matter of law against Defendant Turnbow. Essentially, Plaintiff states that Defendant Turnbow either (1) was aware of, but deliberately disregarded, information in Plaintiff's file showing a substantial risk that Plaintiff would be harmed by members of the Burqueños gang or (2) was "deliberately indifferent to the likelihood of a threat and simply did not check available

---

[2] The remaining claims, which are listed under Counts III and IV of the First Amended Complaint, are not the subject of the present Motion. *See* ECF No. 30 at 18–19.

information to ensure the housing assignments maintained order and safety."[3] ECF No. 85 at 18. In support of the above assertions, Plaintiff cites evidence suggesting Defendant Turnbow knew or should have known of relevant information contained in Plaintiff's file. *See* ECF No. 85 at 4–13. Defendants argue that such allegations are either disputed or not supported by the record. *See* ECF No. 94 at 3–18.

## ANALYSIS

### I. Because no § 1983 claims remain against Defendant NMCD, Plaintiff's Motion is moot as to Defendant NMCD.

First, for the reasons stated by the Court in its prior memorandum opinion and order (ECF No. 149), the Court has dismissed the § 1983 claims against Defendant NMCD by agreement of the parties. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Although Plaintiff argued that Defendant NMCD should not be considered an arm of the State of New Mexico, Plaintiff conceded that, "[f]or purposes of this action, the § 1983 claim against NMCD contained in Count II of the [First] Amended Complaint is subject to dismissal." ECF No. 145 at 2–3. Defendant NMCD agreed that dismissal was appropriate. *See* ECF No. 144 at 3. The Court then dismissed all claims brought against Defendant NMCD in Count II of the First Amended Complaint. *See* ECF No. 149 at 20–21, 26–27. Because no § 1983 claims remain against Defendant NMCD, Plaintiff's Motion is now moot as to Defendant NMCD.

---

[3] Plaintiff's Motion addresses liability, rather than damages. *See* ECF No. 85 at 14–26. Therefore, the Court will not address the issue of damages. The Court notes that Defendant Turnbow disputes the nature and extent of Plaintiff's damages, although he does acknowledge, for summary judgment purposes, that Plaintiff suffered first- and second-degree burns to his face, chest, shoulders, and esophagus. *See* ECF No. 95 at 12; ECF No. 94 at 15–16.

3

> **II. Because a genuine dispute of material fact exists as to Defendant Turnbow's subjective knowledge of a substantial risk of harm to Plaintiff's safety, the Court cannot grant partial summary judgment to Plaintiff on his § 1983 claims.**[4]

Although Plaintiff has made a sufficient showing that Defendant Turnbow *could* be subject to liability under § 1983, thus defeating Defendant Turnbow's motion for summary judgment on this issue (*see* ECF No. 147 at 13–19) (viewing the facts in the light most favorable to Plaintiff for purposes of Defendant Turnbow's motion for summary judgment), the Court cannot find, as a matter of law, that Defendant Turnbow *is* liable, given that a genuine dispute of material fact exists as to whether he was deliberately indifferent to a substantial risk of serious harm to Plaintiff.[5] Instead, a trial will be necessary to resolve disputed issues of material fact regarding Defendant Turnbow's liability under § 1983.

> **A. Summary Judgment Standard**

In the Tenth Circuit, the moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment. *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (citing *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). When the moving party in a summary judgment motion bears the ultimate burden of proof, "to obtain summary judgment, it cannot force the nonmoving party to come forward with specific facts showing there [is] a genuine issue for trial merely by pointing to parts of the record that it believes illustrate the absence of a genuine issue

---

[4] The Court's prior orders have discussed in great detail the facts of the case, which are incorporated herein by reference. *See* ECF Nos. 146, 147 (viewing the facts in the light most favorable to Plaintiff as the nonmovant). Any facts that are directly pertinent to the present Motion will be specifically cited and discussed herein, viewed in the light most favorable to Defendant as the nonmovant.

[5] Regarding Defendant Turnbow's assertion of qualified immunity, ECF No. 94 at 21–24 (citing Defendant Turnbow's Motion for Summary Judgment, ECF No. 84), the Court has already denied qualified immunity to Defendant Turnbow, and therefore this issue is found as moot, based on the Court's existing ruling on this issue, which is incorporated herein by reference. *See* ECF No 147 at 14–18.

of material fact." *Id.* (citation omitted). "Instead, the moving party must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Id.*

### B. Applicable Law

"Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). Thus, a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment, as applied to the states via the Fourteenth Amendment. *See Farmer*, 511 U.S. at 828; *Rhodes v. Chapman*, 452 U.S. 337, 344–45 (1981).

A cognizable Eighth Amendment claim contains an objective component (i.e., the inmate is incarcerated under conditions posing a substantial risk of serious harm)[6] and a subjective component (i.e., the prison official was deliberately indifferent to the inmate's safety). *Verdecia*, 327 F.3d at 1175. In order to meet the subjective component, the prison official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. Further, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. *Id.* Applying *Farmer*, the Tenth Circuit has created a three-part framework for the deliberate indifference standard: (1) The official must be aware of facts

---

[6] In his Response, Plaintiff also argued that he suffered sufficiently serious harm (i.e., the objective component of the Eighth Amendment analysis). *See* ECF No.98 at 18. Given that Defendant did not assert Plaintiff's failure to meet the objective component in his Motion, ECF No. 84, and in light of Defendant's omission of this argument, the Court will not address the objective component. The Court finds that, for purposes of the present Motion, the parties agree that Plaintiff's alleged injury was sufficiently serious.

from which the inference could be drawn that a substantial risk of serious harm exists, (2) the official must actually draw that inference, and (3) the official must be aware of and fail to take reasonable steps to alleviate that risk. *See Perry v. Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018).

Under 42 U.S.C. § 1983, a plaintiff may seek money damages from government officials who have violated his or her constitutional or statutory rights. In order to successfully assert a § 1983 claim under the Eighth Amendment for failure to protect an inmate from serious harm, a plaintiff must show a specific defendant's personal involvement or participation in the incident. *See Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996) (supervisory status alone is insufficient to assert a § 1983 claim; personal involvement is required) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim.").

### C. Analysis

Applying the three-part *Perry* framework to the subjective component of Plaintiff's Eighth Amendment claim, the Court finds that a genuine dispute of material fact exists regarding Defendant Turnbow's knowledge of facts permitting the inference that Plaintiff faced a substantial risk of serious harm, as well as whether Defendant Turnbow drew that inference (i.e., the first and second parts of the framework). *See Perry*, 892 F.3d at 1122. Defendant Turnbow has testified that, although he reviewed the Plaintiff's CBC Summary Review Report prior to assigning him to Housing Pod 4B, he did not recall reviewing

Plaintiff's detailed safety concerns.[7] *See* ECF No. 94-7 at 7. Further, Defendant Turnbow testified that "there was no way for [him] to know that that [Plaintiff would be assaulted]," and he testified that he was not aware who Joshua Garcia was or that Plaintiff was being placed in a housing pod with other members of the Burqueños gang. *See* ECF No. 85-2 at 11. He further clarified that, "if [he had] seen the concern, then [he] wouldn't [have] put [Plaintiff] in [Pod 4B]." *Id.* The Court finds that a reasonable jury could find Defendant Turnbow's testimony credible based on the evidence presented, and if so, the jury could not find that Defendant Turnbow was deliberately indifferent to a substantial risk of serious harm to Plaintiff. *See Perry*, 892 F.3d at 1122 (requiring a finding that the official actually drew the inference that a substantial risk of serious harm existed). Given that the Court cannot resolve disputed issues of material fact at the summary judgment stage, the Court must deny Plaintiff's Motion as to Defendant Turnbow.[8]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, filed on August 2, 2021, ECF No. 85, is hereby **FOUND AS MOOT IN PART** and **DENIED IN PART**.

---

[7] Plaintiff also has argued that Defendant Turnbow willfully failed to review Plaintiff's CMIS "cautions," which Plaintiff refers to as "safety cautions." *See* ECF No. 85 at 18. However, Plaintiff conflates the term "safety concerns" with the term "cautions." Defendant Turnbow said that inmate "safety concerns" are listed on a "different tab" of CMIS and that he did not routinely review these for every inmate, unless something in an inmate's file caused him to do so. *See* ECF No. 85-2 at 5. Further, Defendant Turnbow did not say that inmate *safety concerns* are highlighted in "red," but rather that inmate *cautions* are highlighted in red. At any rate, Defendant Turnbow does not recall reviewing Plaintiff's cautions or Plaintiff's safety concerns, and Plaintiff cannot establish as a matter of law that Defendant Turnbow did so. *See* ECF No. 85-2 at 5.

[8] In his Motion, Plaintiff also asserts a *Monell* theory of liability against Defendants, arguing that Defendant Turnbow acted pursuant to an unconstitutional NMCD policy or custom. *See* ECF No. 85 at 20–21 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978)). Given that Defendant NMCD has been dismissed as a party, and further given that Defendant Turnbow is not being sued in his official capacity, this issue is moot.

Plaintiff's Motion is found as moot as to all claims against Defendant NMCD. In all other respects, the Motion is denied.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE