IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER CHAVEZ,

    Plaintiff,

v.                                                                                          Civ. No. 1:20-cv-00812 MIS/LF

ABEL RENTERIA; JOHN DOE 1;
CHRISTOPHER TURNBOW;[1] CARLOS SAENZ;
DANIEL BLANCO, in his individual capacity;
ESTEVAN FLORES, in his official capacity; and
NEW MEXICO CORRECTIONS DEPARTMENT,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* regarding Defendant John Doe 1. The Amended Complaint names as defendants Abel Renteria, John Doe 1, Christopher Turbow, Carolos Saenz, Daniel Blanco, Estevan Flores, and New Mexico Corrections Department. With the exception of John Doe 1, all parties have filed an answer to the Amended Complaint. *See* ECF Nos. 34, 46–48. However, the record does not reflect that John Doe 1 has been identified or served.

"There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names . . . ." *Coe v. U.S. Dist. Ct. for the Dist. of Colo.*, 676 F.2d 411, 415 (10th Cir. 1982); *see also Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th

---

[1] Defendant is listed as "Christopher Turbow" in the First Amended Complaint. ECF No. 30. The person that filed a waiver of the service of summons is "Christopher Turnbow," however. ECF No. 40. The Court will refer to this Defendant as "Christopher Turnbow." The parties are advised to file the appropriate documents to address this discrepancy, if necessary.

Cir. 1984) ("[N]o federal statute or rule specifically countenances the naming of fictitious parties in a lawsuit . . . ."). Federal Rule of Civil Procedure 4(m) states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The time to serve Defendant John Doe 1 has expired, according to the above rule. The Court has discretion to extend the time to identify and serve unknown defendants, without also deciding whether an amendment to the complaint would be permitted to add the defendants once identified. *See, e.g., Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022) (recognizing district court's discretion to extend the time to serve unknown defendants, separate from the issue of amending the complaint to name these defendants). The Court hereby notifies Plaintiff that, absent a showing of good cause made no later than **October 18, 2022**, the claims against Defendant John Doe 1 shall be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that, in order to avoid dismissal of this action against Defendant John Doe 1, Plaintiff must provide the Court with a written explanation showing good cause for failure to serve, no later than **October 18, 2022**. Any other party may file a response no later than **October 25, 2022**. No reply will be permitted, absent a separate showing of good cause.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE